IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00601-PAB

SHAMSHER SINGH,

Petitioner,

v.

TODD BLANCHE,[1] Acting U.S. Attorney General, et al.,

Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Shamsher Singh's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 9. Pursuant to the Court's Minute Order dated March 3, 2026, *see* Docket No. 11, petitioner filed supplemental briefing and respondents filed a response. Docket Nos. 12, 13.

### I. BACKGROUND[2]

Petitioner is a citizen and native of India who entered the United States on or about September 28, 2024 without inspection or admission near the southern border of the United States. Docket No. 1 at 7. Shortly after entry, petitioner was apprehended by immigration authorities. *Id*.

---

[1] Todd Blanche is substituted as a party for Pamela Bondi, George Valdez is substituted as a party for Robert Guadian, and Markwayne Mullin is substituted as a party for Kristi Noem pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

On June 3, 2025, an immigration judge issued a written decision that denied petitioner's application for asylum, ordered petitioner's removal to India, and granted petitioner a withholding of removal to India pursuant to 8 U.S.C. § 1231(b)(3).  Docket No. 12 at 2; Docket No. 13 at 2; Docket No. 12-1 at 7.  On June 17, 2025, petitioner filed an appeal of the June 3, 2025 Order to the Board of Immigration Appeals ("BIA") regarding the denial of his application for asylum and order of removal.  Docket No. 13 at 2.  The Department of Homeland Security ("DHS") appealed the withholding of removal.  Docket No. 12 at 2; Docket No. 13 at 2.  On January 29, 2026, the BIA affirmed the denial of petitioner's application for asylum, vacated the withholding of removal, and remanded the case for further proceedings to reassess petitioner's eligibility for withholding of removal.  Docket No. 12 at 2; Docket No. 13 at 2; Docket No. 15 at 7.

On February 14, 2026, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Docket No. 1.  Petitioner asserts that, "[g]iven the Petitioner's continued detention since September 2024 – now approximately 17 months – without a meaningful opportunity for release, and considering the absence of any criminal history, the Petitioner now has a strong due process argument under prolonged detention principles."  *Id.* at 2.  Plaintiff further claims that he is a member of the class certified in *Maldonado Bautista v. Santacruz,* --- F. Supp. 3d ----, 2025 WL 3289861, at*11 (C.D. Cal. Nov. 20, 2025), and that he is being detained under 8 U.S.C. § 1226, which entitles him to a bond hearing.  *Id.* at 2-7.  Petitioner argues that respondents have violated his Fifth Amendment rights to due process and that he is entitled to relief pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See* Docket No. 12 at 6-8.

Plaintiff requests that the Court order respondents to release petitioner or, in the alternative, that petitioner be afforded a bond hearing.  Docket No. 1 at 11.

## II.  ANALYSIS

### A.  *Zadvydas* Claim

In *Zadvydas*, the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained past the 90-day removal period[3] without violating the Fifth Amendment of the United States Constitution.  *See Zadvydas*, 533 U.S. at 701.  After the expiration of 90-day removal period, *Zadvydas* held that a six-month period detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  This standard does not require petitioner to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable."  *Id.* at 702.  Rather, he simply must show that removal is not significantly likely in the reasonably foreseeable future.  *Id.* at 701.

Petitioner argues that he can seek relief under *Zadvydas* because he is subject to a final order of removal "notwithstanding the ongoing remand proceedings" after the BIA issued its decision.  *See* Docket No. 12 at 6.  Petitioner contends that, "[a]lthough the BIA sustained the Department of Homeland Security's appeal in part by vacating the grant of withholding and remanding for further proceedings, that remand was limited to

---

[3] After a final order of removal is entered, the "Attorney General shall remove the alien from the United States within a period of 90 days," which is referred to as the "removal period."  8 U.S.C.§ 1231(a)(1)(A).

the availability of protection from removal and did not disturb the validity of the removal order itself." *Id.*

Respondents argue that *Zadvydas* does not afford petitioner relief because petitioner's detention is "lawful and within the presumptively reasonable period of detention to effectuate removal." Docket No. 13 at 6. Respondents contend that petitioner's order of removal did not become final until the BIA issued its January 29, 2026 Order and that the ensuing period following the BIA's decision is lawful under *Zadvydas*. *See id.* at 7-8.

The removal period under § 1231 "begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). "A removal order becomes 'administratively final' when the order has been affirmed by the BIA or the time for seeking review has expired." *Ndou* v. *Noem*, 2026 WL 686564, at *2 (D.N.M. Mar. 11, 2026) (citing 8 U.S.C. § 1101(a)(47)(B); *Riley v. Bondi*, 606 U.S. 259, 267 (2025)). Because petitioner appealed his removal order and the denial of his application for asylum, petitioner's order of removal did not become administratively final until the BIA issued its decision on January 29, 2026. *See Singh v. Choate*, No. 19-cv-00909-KLM, 2019 WL 3943960, at *3 (D. Colo. Aug. 21, 2019) ("a removal order does not become administratively final until the BIA affirms the immigration judge's order").

The Court next addresses whether petitioner's ongoing withholding proceedings affect the finality of the removal order. In the BIA's January 29, 2026 Order, the BIA remanded petitioner's case to the immigration judge for further proceedings on whether to grant petitioner withholding of removal, which remains pending. *See* Docket No. 15

at 6-7.  A withholding-only proceeding is a proceeding where "the only issue is whether the alien may be removed to his home country."  *See Riley*, 606 U.S. at 265.  Pursuant to 8 U.S.C. § 1231(b)(3)(A), a noncitizen may be granted a withholding of removal to a country if the noncitizen's "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  The "validity of removal orders is not affected by the grant of withholding-only relief" and a noncitizen's "initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal."  *See Johnson*, 594 U.S. at 540.  Because "[a]n order of removal is administratively final regardless of whether a noncitizen has pending 'withholding only' proceedings," the Court finds that petitioner's order of removal was final for purposes of § 1231 and *Zadvydas* on January 29, 2026.  *See Perez v. Berg*, 2025 WL 566884, at *2 (D. Minn. Jan. 6, 2025) (citing *Johnson*, 594 U.S. at 534-46).  Thus, petitioner is subject to detention under § 1231.  *See Johnson*, 594 U.S. at 533 ("Section 1231 . . . authorizes detention 'when an alien is ordered removed' and enters the 'removal period,' which begins on '[t]he date the order of removal becomes administratively final.'") (citing §§ 1231(a)(1)(A)-(B), (2)).

Given that petitioner's removal order became final on January 29, 2026, the 90-day removal period under § 1231 does not expire until April 29, 2026.  *See* 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A).  Thus, petitioner cannot show a violation of his due process rights under *Zadvydas*.  *See Zadvydas*, 533 U.S. at 682; *see S.H. v. Warden, Stewart Det. Ctr.*, 2022 WL 1280989, at *2 (M.D. Ga. Feb. 15, 2022) ("Because Petitioner filed his habeas application challenging his detention under § 1231(a) less than ninety days

5

after he became detained pursuant to that provision, his claims are premature under both the ninety-day removal period and the *Zadvydas* presumptively reasonable six-month period."). Accordingly, the Court will deny petitioner's request for relief pursuant to *Zadvydas.*[4]

### B.  Relief Under 8 U.S.C. §§ 1225 or 1226

Petitioner contends that he is detained pursuant to 8 U.S.C. § 1226, despite being detained upon his initial entry into the United States and being first encountered by respondents near or at the border. *See* Docket No. 12 at 5. Petitioner argues that the "critical inquiry is not the moment of initial apprehension, but the individual's current posture—namely, physical presence in the United States and ongoing participation in removal proceedings." *Id.* Even if petitioner were detained under § 1225, petitioner

---

[4] Petitioner argues that, "[i]n the alternative, should this Court find that *Zadvydas* does not directly govern Petitioner's detention, independent of *Zadvydas*, Petitioner's detention violates the Due Process Clause of the Fifth Amendment." Docket No. 12 at 7-8. Petitioner does not cite any legal standard for evaluating his due process claim outside the context of *Zadvydas*. Moreover, petitioner's detention does not violate the Fifth Amendment because he is not faced with "indefinite and potentially permanent detention." *See Castaneda v. Perry*, 95 F.4th 750, 757 (4th Cir. 2024) (internal quotation omitted). Petitioner has a final order of removal and is now in withholding-only proceedings, which are "finite." *See id.* "[O]ngoing withholding-only proceedings do not, standing alone, cast doubt on the foreseeability of an alien's removal in the future." *Id*. at 758. To the extent that petitioner is arguing that he is entitled to relief under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds that petitioner is not entitled to such relief where he is still in the 90-day removal period and is "well within the presumptively reasonable six-month timeframe under *Zadvydas*." *See Ordoian v. Lyons*, 2026 WL 594183, at *3 (D.N.M. Mar. 3, 2026) ("Petitioner's current detention under § 1231(a)(2) falls within a carefully limited exception to one's private interest in being free from imprisonment."). Furthermore, "the risk of erroneous deprivation of his liberty interest is low since Petitioner is detained following an individualized proceeding before an IJ where he was able to present evidence and argue his case on its merits – and the IJ's decision was then reviewed and affirmed by the BIA." *See id.* Finally, respondents have a substantial interest in "ensuring that noncitizens, subject to a final order of removal, will be present when it is time for them to be removed." *See id.*

argues that the fact he has been detained for approximately seventeen months without a bond hearing entitles him to relief.  *See id.*

Because petitioner has a final order of removal, petitioner is detained under 8 U.S.C. § 1231(a), rather than 8 U.S.C. §§ 1225 or 1226.  *See Munoz Teran v. Bondi*, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) ("Once an order of removal has become final, the authority governing a noncitizen's detention shifts [from §§ 1225 or 1226] to another statutory provision, 8 U.S.C. § 1231(a)(2)."); *Ordoian*, 2026 WL 594183, at *2 ("because an order of final removal has been entered in Petitioner's case, the Court no longer has jurisdiction to consider the issue of Petitioner's re-detention and continued detention without a bond hearing to determine whether he is a flight risk or danger to the community").

Accordingly, the Court will deny petitioner's request for relief pursuant to 8 U.S.C. §§ 1225 or 1226.

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Shamsher Singh's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED without prejudice**.

DATED April 7, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge